The Honorable David R. Matthews State Representative District 10 P. O. Box 38 Lowell, AR 72745
Re: Rule 4(d)(8) of the Arkansas Rules of Civil Procedure
Dear Representative Matthews:
This is in response to your request for an official opinion on the following question:
 Does service by mail under Rule 4(d)(8) apply only to the United States Postal Service or may it also apply to a private mail delivery such as Federal Express, UPS, or some other private courier type service?
It is my opinion that service by mail under Rule 4(d)(8) would apply equally to private mail deliverers such as Federal Express, UPS or other courier type service as it does to the United States Postal Service, provided that those private mail services would offer the same safeguards under the rule as does the U.S. Postal Service.
Rule 4(d)(8) of the Arkansas Rules of Civil Procedure provides that:
 Service of a summons and complaint upon a defendant of any class referred to in paragraphs 1 through 5, and 7 of this subdivision of this Rule may be made by the plaintiff or an attorney of record for the plaintiff by any form of mail addressed to the person to be served with a return receipt requested and delivery restricted to the addressee or the agent of the addressee. Service pursuant to this paragraph shall not be the basis for the entry of a default or judgment by default unless the record contains a return receipt signed by the addressee or the agent of the addressee or a returned envelope, postal document or affidavit by a postal employee reciting or showing refusal of the process of the addressee. If delivery of mail process is refused, the plaintiff or attorney making such service, promptly upon receipt of notice of such refusal shall mail to the defendant by first class mail a copy of the summons and complaint and a notice that despite such refusal the case will proceed and that judgment by default may be rendered against him unless he appears to defend the suit. Any such default or judgment by default may be set aside pursuant to Rule 55(c) or Rule 60(b) if the addressee demonstrates to the Court that the return receipt was signed or delivery was refused by someone other than the addressee.
The language of the rule seems to make clear that any form of mail is sufficient for service by mail provided that a return receipt is signed and that the delivery be restricted to the addressee or the agent of the addressee. However, it is my opinion that should the service by certified mail be refused, then the rule requirement that mailing of the summons and complaint and notice of possible procedural default judgment must be accomplished by first class mail through the U.S. Postal Service. This opinion is based on the fact that the language of the rule concerning refusal of service and notice thereafter specifically refers to first class mail and does not provide, as does the language concerning service of a summons, that any form of mail is sufficient.
To reiterate, it is my opinion that under Rule 4(d)(8) service of the summons and complaint by mail may be accomplished through a private mail deliverer such as federal express, UPS or some other private courier type of service, as well as the United States Postal Service. However, it is also my opinion that a private mail deliverer such as described is not sufficient when there is a refusal of the summons and complaint by certified mail whether the rule requires that the summons an complaint along with a notice of possible default judgment be sent by first class mail to the addressee. Such service after notice of refusal by the addressee must be accomplished through United States Postal Service.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Jerome T. Kearney.